**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

CASE NO.:

MICHAEL MUSCANERA,

      Plaintiff,

vs.

BROTHERS' CONSTRUCTION,
INC.,
a Florida Profit Corporation,

      Defendant.

                              /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MUSCANERA ("Mr. Muscanera" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, BROTHERS' CONSTRUCTION, INC. ("Defendant" or "BCI"), a Florida profit corporation, and states as follows:

1. Plaintiff brings this action for sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, declaratory relief, injunctive relief, and his attorneys' fees and costs.

## JURISDICTION AND CONDITIONS PRECEDENT

3. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, and the actions giving rise to this lawsuit occurred in Martin County, Florida.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his Title VII claims.

5. On or about October 31, 2022, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations.

6. More than 180 days have passed since the filing of the Charge of Discrimination, rendering Plaintiff's FCRA claims ripe for filing.

7. On or about January 29, 2024, Plaintiff received his Notice of Right to Sue from the EEOC.

8. Pursuant to Title VII and the FCRA, Mr. Muscanera timely files this lawsuit within the applicable period of limitations against BCI, and has complied with all administrative prerequisites.

9. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

10. Venue is proper because BCI maintains a location and conducts substantial business in Martin County, Florida, and Plaintiff worked for Defendant in Martin County, Florida, where the actions at issue took place.

## PARTIES

11. Plaintiff, who is an adult male, is protected by Title VII and the FCRA because:

    a. He was a male who suffered discrimination and harassment based on his sex by Defendant; and

    b. He suffered an adverse employment action and was subjected to an increasingly hostile work environment based on his sex, including being unlawfully harassed

2

and terminated because of his sex, and being subjected to sexual harassment.

12.     Defendant was at all material times an "employer" as defined by Title VII and the FCRA as it employed in excess of fifteen (15) employees.

13.     Plaintiff was at all material times an "employee" as defined by Title VII and the FCRA.

14.     Defendant at all material times was Plaintiff's "employer" within the meaning of Title VII and the FCRA.

15.     Defendant is a Florida profit corporation that is registered to do business in the State of Florida, including, among other places, Martin County, Florida.

## STATEMENT OF FACTS

16.     Mr. Muscanera worked for BCI as a Carpenter from September 1, 2022, until his termination on October 7, 2022.

17.     Within a few days of Mr. Muscanera's commencing employment with BCI, co-workers subjected Mr. Muscanera to abuse and harassment based on sex.

18.     Juan, a fellow Carpenter, turned to Mr. Muscanera and told him "it's been thirty years," and kept repeating this statement like a mantra, over and over.

19.     Finally, Mr. Muscanera asked Juan what he was talking about.

20.     Juan replied, "my ass cheeks have never been penetrated and you will never be able to do it.  But, if you want to give me a blow job, I will accept it."

21.     Astonished, humiliated, and disgusted, Mr. Muscanera attempted to simply ignore Juan and his crude statements.

22.     Unfortunately, Oscar, another Carpenter, was apparently encouraged by Juan's brazen discrimination, abuse, and harassment against Mr. Muscanera based on sex, and also voiced some crude sexual remarks to Mr. Muscanera.

23.     Mr. Muscanera told Juan and Oscar that he is not gay, and instead enjoys the company of women.

24.     When Hurricane Ian was bearing down on Florida in late September of 2022, BCI assigned Mr. Muscanera to oversee a team laying sod.

25.     Juan and Oscar blurted out loudly to the team how "gay" Mr. Muscanera was.

26.     Everybody had a big laugh at Mr. Muscanera's expense, causing him great distress and humiliation based on sex.

27.     Mr. Muscanera considered objecting to BCI Management, but it was clear that BCI Managers, Foremen, and Supervisors were in on the "joke" and thought the whole situation humorous.

28.     On the next job site, Mr. Muscanera had to endure more of the same.

29.     The whole time that Mr. Muscanera was on that job site, he was treated poorly and strangely by BCI co-workers and Supervisors, including Chris, his son Evan, and J.

30.     Mr. Muscanera overheard Evan telling J, with respect to Mr. Muscanera, "watch this, I'll show that gay $%&*@."

31.     Evan had taken a broom and screwed the head on with a screw and stated that Mr. Muscanera "would be at home using" it.

32.     Mr. Muscanera cast the deformed implement aside and said that it would be much easier for these men to accomplish the task at hand with a shovel.

33.     BCI abandoned Mr. Muscanera at the job site that same day.

34.     On October 7, 2022, Mr. Muscanera's BC Supervisor informed Mr. Muscanera that BC had decided to terminate his employment, effective immediately.

35.     Title VII and the FCRA prohibit sex discrimination and sexual harassment in the workplace.

36. Plaintiff's termination constitutes an adverse employment action as defined by Title VII and the FCRA.

37. Plaintiff suffered an adverse employment action as a result of his sex.

38. Defendant provided no valid cause, reason, or explanation to Plaintiff for his termination.

39. Defendant did not have a legitimate, non-discriminatory reason for Plaintiff's termination.

40. Any reason provided for Plaintiff's termination by Defendant is a pretext and cover-up for illegal discrimination.

41. Plaintiff's termination was for pretextual and discriminatory reasons, including, but not limited to, discrimination, harassment, and abuse based on sex.

42. At all times material hereto, Plaintiff was ready, willing, and able to perform his job duties.

43. Defendant did not have a legitimate, non-discriminatory rationale for allowing and participating in the harassment and discrimination suffered by Plaintiff.

44. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

45. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment.

46. BCI's adverse employment action against Mr. Muscanera was taken in keeping with BCI's discrimination and harassment against Mr. Muscanera based on sex.

47. Plaintiff has suffered damages as a result of Defendant's conduct.

48. Defendant lacked a good faith basis for its actions.

49. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent

him in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I- SEX DISCRIMINATION/SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

50.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-49 of the Complaint as if fully set forth in this Count.

51.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination and sexual harassment under Title VII.

52.     The discrimination/harassment to which Plaintiff was severe and pervasive, and was based on his sex.

53.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

56.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II- SEX DISCRIMINATION/SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

57.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-49 of the Complaint as if fully set forth in this Count.

58.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination and sexual harassment under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

59.     The discrimination/harassment to which Plaintiff was severe and pervasive, and was based on his sex.

60.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

62.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

63.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 5th day of February, 2024.

Respectfully Submitted,

By: */s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*
